UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLAYTON M. BROWN,

    Plaintiff,

vs.                             CASE NO. 3:07-cv-234-J-32HTS

WILLIAM B. CLINTON,
et al.,

    Defendants.

**O R D E R**

This cause is before the Court on the request to proceed in forma pauperis contained in the Affidavit of Indigency (Doc. #2). Upon review of the document entitled Conspiracy and Private Discrimination and Ostracizm by the Nation, and City of Jacksonville Florida (Doc. #1; Complaint), it is determined the suit may be subject to dismissal.

In certain situations, Courts may allow litigants to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). However, to limit the potential incentive for conducting improper litigation, the judiciary can on its own motion dismiss malicious or frivolous cases sought to be prosecuted in forma pauperis. *Neitzke v.*

*Williams*, 490 U.S. 319, 324 (1989). A frivolous suit is defined as one that "lacks an arguable basis either in law or in fact." *Id.* at 325.

Additionally, a Court is to dismiss the case if it "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Ordinarily, though, at least one opportunity to amend will be afforded "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

Plaintiff alleges that he and his "family are under extrem[e] persecution by this one god. He has stalked and assaulted and [h]ar[]assed and pos[s]essed my body for 11 y[ea]rs." Complaint at [externally numbered] 2. He also states "[t]here is evidence to reveal a consp[ira]cy by the state of Ameri[c]a in the archives of hollywood f[il]ms . . . [o]f celebrities cursing and putting spells on me." *Id.* It is unclear what cause of action Plaintiff seeks to bring. Even if accepted as true, the allegations in the Complaint do not, on their face, entitle Mr. Brown to relief in federal court. However, in an abundance of caution, the Court will provide him one opportunity to amend the Complaint.

Accordingly, Plaintiff shall, within eleven (11) days from the date of this Order, file an amended complaint demonstrating his entitlement to relief. Failure to file an amended complaint within the specified time period will result in a recommendation that this case be dismissed for failure to prosecute. *See* Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of April, 2007.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
    and pro se parties, if any